UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY JOSEPH BROWN,<br><br>                Petitioner,<br><br>    v.<br><br>JOHANNA SMITH, Warden,<br><br>                Respondent. | Case No. 1:12-cv-00112-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondent Johanna Smith's Motion for Summary Dismissal, seeking to dismiss Jeremy Brown's Petition for Writ of Habeas Corpus on statute of limitations and procedural default grounds. (Dkt. 14.) Several other motions are also ripe for adjudication. (Dkt. 13, 19, 23.) Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 11.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Having reviewed the record in this matter and having considered the parties' arguments submitted in the briefing, the Court finds that oral argument is unnecessary and enters the following Order dismissing the Petition for Writ of Habeas Corpus with prejudice for failure to file within the one-year statute of limitations period.

**MEMORANDUM DECISION AND ORDER - 1**

## MOTION FOR SUMMARY DISMISSAL

### 1.    Background

Petitioner pleaded guilty to and was convicted of one count of aggravated battery in Latah County, Idaho. He was also given a sentence enhancement for using a weapon during the crime. His combined sentence was 25 years fixed, with 5 years indeterminate. The judgment of conviction was entered on March 23, 2002. (State's Lodging A-5.)

Petitioner filed a Rule 35 motion for reduction of sentence, which was granted as to the fixed portion of the sentence on October 25, 2002. (State's Lodging A-7.) As a result, the total fixed portion of Petitioner's sentences was reduced from 25 to 20 years, while the indeterminate portion was increased to 10 years. (*Id*.)

Petitioner did not appeal the conviction or sentences. However, seven years later, on May 3, 2011, Petitioner filed a petition for writ of habeas corpus in the state court contending that the state court lacked authority to sentence him for a weapon enhancement because the crime itself already was "enhanced" from simple battery to aggravated battery for the same reason. The state habeas corpus petition was dismissed, because the court determined that Petitioner's claims should have been brought in a post-conviction action rather than a habeas corpus action. (State's Lodgings B-2 to B-5.) Petitioner filed a motion for reconsideration, which was denied. (State's Lodgings B-6, B-7.)

Petitioner next filed an original petition for writ of habeas corpus directly with the Idaho Supreme Court. (State's Lodging C-1.) That action was dismissed, and Petitioner's request for reconsideration was denied on January 19, 2012. (State's Lodgings C-2 to C-6.)

On March 7, 2012, Petitioner filed his federal Petition for Writ of Habeas Corpus, bringing claims of double jeopardy, ineffective assistance of counsel, and lack of authority of the state court to impose a sentence for a weapon enhancement. (Dkt. 1.) Respondent argues that Petitioner's claims are subject to dismissal with prejudice because they are untimely and procedurally defaulted. The Court agrees that the claims are untimely, for the following reasons.

**2.      Statute of Limitations**

**A.      *Standard of Law***

The Petition for Writ of Habeas Corpus in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996. Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus petition. The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court recently clarified application of this rule:

**MEMORANDUM DECISION AND ORDER - 3**

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

The statute provides tolling (suspension) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S.Ct. 1278 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the one-year federal limitations period stops running on the filing date of the action and resumes when the action is completed.

The limitations period also may be equitably tolled under exceptional circumstances. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 418. To qualify for equitable tolling

**MEMORANDUM DECISION AND ORDER - 4**

a circumstance must have caused a petitioner to be unable to file his federal petition in time. "Diligence" has been defined as "reasonable diligence," not "maximum feasible diligence." *Holland v. Florida*, 130 S.Ct. 2549, 2565 (2010) (internal citations omitted).

### B.    *Discussion of Timeliness*

Petitioner's original judgment was entered on March 23, 2002, and the Order reducing his sentence was entered on October 25, 2002. Accordingly, the latest date upon which Petitioner's judgment could be deemed final came on December 6, 2002, which was 42 days after entry of the October 25, 2002 Order. *See* I.A.R. 14(a) (a criminal defendant has 42 days from the date a final order or judgment is entered in which to file an appeal.).

Petitioner had one year from the date of finality in which to file a federal habeas corpus petition. That time period ended 365 days later, on December 6, 2003. While Petitioner filed two additional state habeas corpus actions in 2011, both were filed approximately seven years after the federal statute of limitations period had ended. Significantly, "section 2244(d) does not permit the reinitiation of the limitations period that . . . ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

Petitioner argues that the State should not be permitted to rely on a statute of limitations defense to bar his claim that his sentence was imposed in the absence of subject matter jurisdiction (Petitioner argues that a court is without jurisdiction to impose

**MEMORANDUM DECISION AND ORDER - 5**

a sentence that violates the Double Jeopardy Clause). His argument clearly goes to the merits of his claim. The statute of limitations issue, however, is a threshold procedural issue that must be decided prior to a consideration of the merits of a claim.

Petitioner also argues that, if–as he contends–his sentence violates the Double Jeopardy Clause, the State should not be permitted to raise a statute of limitations bar. Again, the Court does not consider the merits of a claim when determining the preliminary statute of limitations issue, and so the argument fails in this procedural context.

The Court also considers whether the statute of limitations began to run at a later date, that is, under § 2244(d)(1)(D), to begin to run when the factual predicate of the claim "could have been discovered through the exercise of due diligence" (not when it actually was discovered). However, Petitioner knew of the factual predicate of his claim from the date of conviction; no "new" facts are at issue. Similarly, Petitioner is not relying on a constitutional right "newly recognized by the [United States] Supreme Court and made retroactively available to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

The final potential statute of limitations start date, "which is the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

**MEMORANDUM DECISION AND ORDER - 6**

filing by such State action," under § 2244(d)(1)(B), is discussed and rejected in the discussion on equitable tolling, which follows below.

As the time line set forth above shows, Petitioner's federal Petition for Writ of Habeas Corpus, filed March 12, 2012, was approximately nine years too late. As a result, it is subject to dismissal unless Petitioner can demonstrate that factual grounds supporting equitable tolling exist.

### C.   *Discussion of Equitable Tolling*

Petitioner's first argument for equitable tolling is ignorance of the law. The United States Court of Appeals for the Ninth Circuit has held that ignorance of the law alone is not an appropriate ground for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006). Other courts are in agreement. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In a similar instance, in *Pearson v. North Carolina*, 130 F.Supp.2d 742 (D.N.C. 2001), the petitioner missed his federal habeas corpus statute of limitations because he thought that the one-year period started over again after his last state post-conviction action ended. *Id.* at 744. The court concluded that the petitioner's "ignorance of the proper calculation of the period of limitation does not warrant equitable tolling." *Id.* at 744; *accord, Godek v. Grayson*, 2001 WL 739507, at *3 (D. Mich. 2001) (rejecting petitioner's argument that the

**MEMORANDUM DECISION AND ORDER - 7**

limitations period should not bar his habeas corpus petition because he was unaware of the applicability and operation of the limitations period).

Although ignorance of the law will not suffice to protect against the running of the statute of limitation, a prisoner's actual lack of access to AEDPA materials may, under certain circumstances, establish either (1) the existence of a state-created impediment to filing an application under § 2244(d)(1)(B), which triggers a later starting date for the limitation period; or (2) a reason to equitably toll the statute of limitation. *See Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000).

Here, Petitioner declares under penalty of perjury that he did not attend any legal resources orientation upon his incarceration, that he was not informed a federal statute of limitation existed, that he did not read the Anti-terrorism and Effective Death Penalty Act, and that there is no case law available at the prison legal resource center. (Dkt. 17, 17-1.)

Respondent counters these contentions with affidavits from IDOC employees explaining that the Federal Civil Judicial Procedure and Rules Handbook (which contains 28 U.S.C. § 2241, the habeas statute of limitations provision) has been stocked in each Idaho prison legal resource center since 1996; a "State Prisoner Self-Help Packet" has been available since 1998, which explains how to file a federal habeas corpus petition; and a 2002 version of the self-help packet published by the federal court

**MEMORANDUM DECISION AND ORDER - 8**

and made available in all Idaho prisons specifically addressed the statute of limitations (substantially similar to the updated 2011 self-help packet). (Affidavits of Leslie Hoerner, LaMont Anderson, and Kevin Burnett and Exhibits, Dkt. 21-1, 21-2, 21-7, 21-9.)

Petitioner has submitted nothing showing that these legal resources were unavailable to him personally, or that State action prevented him from discovering the law or filing his petition.  He simply never attempted to use these items at the prison legal resource center because he did not know he had a potential claim and he did not know the law. Similarly, Petitioner has not made it clear how he would have acted differently had he been given access to case law interpreting AEDPA. For example, the prison self-help packet, available since 2002 and updated in 2011, outlines how the AEDPA statute of limitations is calculated. (Dkt. 21-9, pp. 9-11 (2011 version); Appendix A to this Order (2002 version).) Petitioner does not allege that he obtained, read, or used the packet within the statute of limitations period.

Petitioner alleges that he met an inmate in December 2010, who informed him of the existence of the Anti-Terrorism and Effective Death Penalty Act. (Dkt. 17, p. 10.) However, even assuming for the sake of argument that some appropriate basis exists to toll  Petitioner's statute of limitations during the eight years between December 2002 and

**MEMORANDUM DECISION AND ORDER - 9**

December 2010, his petition for writ of habeas corpus still should have been filed no later than December 2011.  It was not filed until March 2012.

Equitable tolling cannot save Petitioner from the effect of his late filing, because application of equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). Here, Petitioner did not act with reasonable diligence after he discovered the AEDPA, failing to file his Petition within one year of December 2010.

> **D.**    ***Discussion of Actual Innocence***

The United States Court of Appeals for the Ninth Circuit has ruled that there is an "actual innocence" exception to the AEDPA statute of limitations. *See Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (*en banc*). To qualify for the exception, a petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id*. at 937.

Petitioner argues only that a miscarriage of justice will occur if his sentence is allowed to stand because of the double jeopardy violation that arose when he was sentenced on both the aggravated battery and the weapon enhancement. This is a legal sufficiency argument, not an actual innocence argument that might be applied to overcome the untimeliness of the Petition.

In several different contexts, including the sentencing context, the Ninth Circuit Court of Appeals and United States Supreme Court have made it clear that "actual innocence means factual innocence, and not mere legal insufficiency." *See Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In *Marrero*, the court reasoned: "It is clear . . . that Petitioner's claim that two of his prior offenses should no longer be considered "related," and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of 'actual innocence. . .'" *Id*. (addressing §§ 2241 and 2255 petitions).

Several circuits have crafted other "actual innocence" exceptions specifically applicable to sentencing claims, but none is applicable here: Petitioner does not contend that he was sentenced to a term greater than the two statutes permitted; Petitioner does not contend that he did not shoot the victim; Petitioner was not ineligible for the sentences he received; and Petitioner's sentence did not result from a constitutional violation.[1] *See Marrero*, 682 F.3d at 1194-95 (collecting cases from other circuits).

_____

[1] In *Missouri v. Hunter*, 459 U.S. 359 (1983), the Supreme Court addressed a situation similar to that presented here, where a Missouri statute provided that any person who commits any felony under the laws of the State through the use of a dangerous or deadly weapon is also guilty of the crime of armed criminal action punishable by imprisonment for not less than three years, which punishment is in addition to any punishment provided by law for the felony (in that case, the felony was *first degree* robbery, because the robbery involved a revolver). The Supreme Court rejected the Double Jeopardy argument: "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." 459 U.S. at 366. *Accord*, *State v. Hernandez*, 818 P.2d 768 (Idaho Ct. App. 1991) (sentence

**MEMORANDUM DECISION AND ORDER - 11**

Accordingly, the actual innocence exception does not apply to permit the Court to adjudicate the merits of the untimely Petition.

### E. *Conclusion*

Because the Petition in this action was filed too late, and neither the equitable tolling nor the actual innocence exception applies to overcome the late filing, this entire action is subject to dismissal with prejudice. The Court need not address Respondent's contention that the claims are procedurally defaulted nor Petitioner's contention that his procedural default is excused, whether under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), or otherwise.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

Upon dismissal or denial of a habeas corpus petition, the Court is required to evaluate the claims within the petition for suitability for issuance of a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases. A petitioner's appeal cannot proceed without obtaining a COA and filing a timely notice of appeal.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has

---

enhancement imposed on defendant who was convicted of aggravated battery for use of deadly weapon, a knife, during the crime, did not violate defendant's right to be free from double jeopardy).

**MEMORANDUM DECISION AND ORDER - 12**

explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that justice has been done in this matter where Petitioner is representing

**MEMORANDUM DECISION AND ORDER - 13**

himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court **within thirty (30) days after entry of this Order**, and he may file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b)(2).

## ORDER

**IT IS ORDERED:**

1.  Respondent's Motion to Dismiss (Dkt. 14) is GRANTED. Petitioner's case is DISMISSED with prejudice.

2.  Petitioner's Motion for Order Not to Transfer Petitioner (Dkt. 13) is DENIED.

3.  Respondent's Motion to Strike Traverse (Dkt. 23) is DENIED. The contents of the Traverse (Dkt. 22) have been considered.

4.  Respondent's Motion for Extension of Time (Dkt. 19) is GRANTED. The Reply (Dkt. 21) is considered timely.

5.  The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's

**MEMORANDUM DECISION AND ORDER - 14**

notice of appeal, to the United States Court of Appeals for the Ninth Circuit.



DATED:  **January 14, 2013**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**APPENDIX A**
**STATE PRISONER SELF-HELP PACKET**
# FEDERAL HABEAS CORPUS PETITION - 28 U.S.C. § 2254
(Persons in State Custody under a State Court Conviction)

**Legal Resources:**

> 28 U.S.C. §§ 2241--2254
> Rules Governing Section 2254 Cases
> Federal Rules of Civil Procedure
> Local Rules for the United States District Court for the District of Idaho

**This Packet Contains the Following:**

1. These Instructions for filing a Petition for Writ of Habeas Corpus (state custody).
2. Petition for Writ of Habeas Corpus form (includes request for appointment of counsel).
3. Application for In Forma Pauperis Status.
4. Statement of Trust Fund Account form.
   _____

**INSTRUCTIONS**

**I      Preliminary Considerations before Filing a Habeas Corpus Petition**

Prisoners being held under a state criminal conviction may file a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge the validity of their conviction or sentence. The object of a habeas corpus petition is to obtain release from custody.  When the Anti-Terrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996, many changes occurred to the habeas corpus process, such as the addition of a statute of limitation and a strict standard for relief.  Those changes are incorporated in these instructions.  In addition to these instructions, you should consult those legal resources cited herein above, and any others which may be relevant to your case.

     A.      Federal Claim

The petition must allege that the conviction or sentence was in violation of the United States Constitution, a United States Supreme Court case law, a federal law, or a United States treaty.  28 U.S.C. § 2254(a).  The federal court does not have jurisdiction to consider claims which are based solely on state law or on the state constitution.

     B.      Habeas Petitions Should Not Contain Prison Conditions Claims

Habeas corpus is not the appropriate cause of action if you want to challenge the conditions of  confinement or obtain money damages.  For example, claims for improper medical

care or retaliation for assertion of First Amendment rights should be brought in a civil rights lawsuit.  Idaho inmates should also be aware that federal habeas corpus proceedings are different from state habeas corpus proceedings.

C.    Exhaustion of State Remedies Requirement

Generally, the federal court cannot grant relief on habeas corpus claims unless the Idaho Supreme Court has first had an opportunity to rule on the same federal claims.  This is called *exhaustion of state court remedies*.  28 U.S.C. § 2254(b)(1)(A).  The Supreme Court explained the exhaustion requirement in *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999)[2]:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round* of the State's established appellate review process (emphasis added).

Claims can be properly exhausted, as explained in *O'Sullivan v. Boerckel*, or they can be improperly exhausted.  Claims are improperly exhausted, and deemed *procedurally defaulted*, when either the state courts refused to hear the claims because they were presented in a procedurally improper manner,[3] or because it is too late to bring the claims in state court at the present time.  The federal court cannot hear the merits of procedurally defaulted claims unless the petitioner makes a showing that there was a legitimate cause for the default and prejudice resulted, or a showing that the petitioner is actually innocent of the conviction or sentence.

---

[2]There are two rarely used exceptions to exhaustion: first, when there is an absence of available State corrective process; and, second, when circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1)(B).

[3]Procedurally improper ways to present claims can include the following: presenting a claim directly to the Idaho Supreme Court in a habeas corpus petition asserting original jurisdiction except under extraordinary circumstances, presenting a claim outside of the statute of limitation period, presenting a claim in a post-conviction relief petition that should have been presented on direct review, or presenting a post-conviction relief petition to the state district court and failing to appeal the denial of that petition to the Idaho Supreme Court, or failing to file a Petition for Review in the Idaho Supreme Court if an appeal was decided by the Idaho Court of Appeals.

Federal Habeas Corpus Instructions (Rev. 11/02)

### D.        Statute of Limitations Considerations

28 U.S.C. § 2244(d)(1) provides for a one-year statute of limitation for federal habeas corpus petitions. To determine your statute of limitation, you must determine three factors: (1) when your statute of limitation began running; (2) when it was tolled during the pendency of properly-filed state court post-conviction actions under 28 U.S.C. § 2244(d)(2); and (3) when it ends, by subtracting any time the statute was so tolled.

To determine the date your statute began running, consult the text of 28 U.S.C. § 2244(d)(1). For example, the most commonly-used statute of limitation beginning date is Subsection (A): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[4]

*Tolling* means that a statute of limitation stops running for a certain period of time. To determine whether your statute was "tolled," or stopped running during periods of time in which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim was pending, consult 28 U.S.C. § 2244(d)(2). The Ninth Circuit has determined that the statute of limitations is **not** tolled, or in other words, that it continues to run between "the time a final decision is issued on direct state appeal and the time the first state post-conviction or other collateral review application is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F .3d 1003, 1006 (9th Cir.1999). For example, if a prisoner does not file a state collateral challenge until 355 days after his or her direct state appeal is final,[5] then he or she will have used up 355 days of his federal habeas corpus statute of limitations under 28 U.S.C. § 2244(d)(1). The filing of the state collateral challenge will toll or stop the federal habeas corpus statute of limitations while that action is pending, through appeal of that action to the Idaho Supreme Court. **When that action is final,[6] the one-year federal habeas corpus**

---

[4]If no direct appeal was filed, the one-year statute of limitation begins running 42 days after the judgment of conviction was entered. If a direct appeal was filed, the one-year statute of limitation begins to run on the expiration of the 90-day period "within which [a petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court" following direct appeal, whether or not one was filed. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). The additional 90-day certiorari period, however, does **not** apply to post-conviction relief actions. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

[5]See Footnote 3 for information on calculation of "finality" of direct appeal review.

[6]The Ninth Circuit has determined that, when a state supreme court rule provides that a state supreme court opinion is not final until a number of days after the decision is rendered, the case is still "pending" during that time period for purposes of calculating tolling under § 2244(d)(2). *See Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002). In Idaho, Idaho Appellate Rule 38(b) provides: "Opinions shall become final 21 days after the date of the last of the following events: (1) the announcement of the opinion; (2) the announcement of the opinion on rehearing; (3) the announcement of a modified opinion without a rehearing." When the "opinion has become final in accordance with this rule, the Clerk of the Supreme Court shall issue and file a remittitur." Idaho Appellate Rule 38(c).

**statute of limitations will start running again, but the "clock" is not reset at one year, it starts at the number of days left**.  In this example, the prisoner would have only 10 days in which to file because he or she used 355 days between the direct appeal and the first state collateral challenge.

It is important to know that only **"properly-filed"** state court post-conviction or other collateral review applications will toll the federal habeas corpus statute of limitations.  In *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361 (2000), the United States Supreme Court determined that a *properly filed* application which tolls the statute of limitation is defined as follows:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record.... And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

531 U.S. at 8-9, 121 S.Ct. 361 at, 363-64 (citations omitted).  Under *Artuz v. Bennett*, if the federal court finds that a prior state court action was improperly filed, that state court action will not be deemed to have tolled or stopped the statute of limitations, and the federal court may deem the federal petition untimely, as a result. It is also important to note that prior federal habeas corpus petitions dismissed without prejudice do not toll or stop the statute of limitation for a later petition.  *Duncan v. Walker*, 121 S.Ct. 2120, 2128 (construing 28 U.S.C. § 2244(d)(2)).

You should also be aware that prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court.  *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988).

If you think you missed your statute of limitation, you may ask the Court to apply equitable tolling to your case.  *Equitable tolling* allows the Court to stop or toll the statute of limitation during time periods during which circumstances existed in which it was impossible to file your petition. To qualify for equitable tolling, a petitioner must show that extraordinary circumstances beyond his or her control made it impossible to file the habeas petition in time. *Miles v. Prunty*, 187 F.3d 1104 (9th Cir.1999) (statute of limitation is equitably tolled where prisoner handed his habeas corpus petition to prison officials in a timely manner, but they failed to draw a check for the filing fee on his account and failed to file it in time, events over which the prisoner had no control). Equitable tolling has also been applied where a plaintiff is prevented from asserting his claim by some kind of wrongful conduct on the part of the opposing party. *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996).

E.    Successive Petition Considerations

You should be aware that if you do not bring all federal claims related to a particular judgment in a single federal habeas corpus action, you will not be able to bring a second action

without first obtaining permission to do so from the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244(b).  (Note: you do not need to obtain Ninth Circuit permission if your prior federal petition was dismissed **without prejudice**.)   Your facility should have a Ninth Circuit Application to File a Second or Successive Petition form if you need one.

       F.     <u>Proper Respondent</u>

The proper respondent in a habeas corpus action is your current custodian, who is the warden of the facility where you are held.  Do not name the "State of Idaho" or the governor.  If you are held out of state on an Idaho conviction, you can name the Idaho Attorney General as respondent.

**II      Completing the Habeas Corpus Petition**

Complete the habeas corpus petition according to the directions on the form which is enclosed in this packet.  Your petition should be legibly handwritten in black ink or typed.  If you do not have a black pen, request one from staff.

For each claim, it is important that you state the federal legal ground under which your claim arises, such as a constitutional provision, United States Supreme Court case, federal law, or treaty of the United States.  The claim must be the same claim you raised in each level of the Idaho state court system.  Stating the federal ground for your claim should be done very briefly.  You should not make extensive legal arguments anywhere in your petition, nor should you file a legal memorandum or brief with your petition.  Importantly, the petition should include all of the facts which support your claim.

You must sign the petition, indicate how you mailed your petition, and complete the declaration under penalty of perjury.  Notarization is not required.  You must be sure to send a "Notice of Change of Address" to the Clerk of Court each time you change addresses in order to be sure that you receive all Court orders and correspondence in this matter.

**III      Payment of Filing Fee or Request to Proceed In Forma Pauperis**

Your petition for writ of habeas corpus must be accompanied by a payment of the $5.00 filing fee, or an "Application for In Forma Pauperis Status."  In forma pauperis status allows you to pay the fee over time; it is not a waiver of the fee.  If you wish to proceed in forma pauperis, you must file the following: (1)"Application for In Forma Pauperis Status"; and (2) prison trust account statement showing the current status of your prison trust account.  <u>You will need to send the prison trust account statement form to your institution's accounting office as soon as possible, so it can be completed and returned to you.</u>

**IV      Requests for Appointment of Counsel**

If you wish to request appointment of counsel, indicate that directly in Part Nine of the Petition for Writ of Habeas Corpus form; do not file a separate motion or affidavit.  You should state any particular reasons why you believe you are entitled to counsel.  The Court does not appoint counsel in habeas corpus matters except under extraordinary circumstances.  There is no constitutional right to counsel in a habeas corpus action.

**V       Filing Your Action**

To file your action, you will need to send the following to the Clerk of Court, U.S. District Court, 550 West Forth Street  MSC 039, Boise, Idaho  83724:

(1)      the signed original habeas corpus petition;
(2)      either the $5.00 filing fee or the "Application for In Forma Pauperis Status" and trust account statement; and
(3)      a copy of each of the above documents.

You must include one copy of the petition, which will be served upon the respondent if the Court later authorizes your petition to proceed.  **You do not need to serve the respondent or send respondent or the attorney general a copy of your petition when it is filed**.  If you would like to have a *conformed copy* of filed documents, which is a copy that bears the Clerk's filing date stamp to let you know the exact date a document was filed, then you must include an additional copy of each document (2 copies total), along with a note or letter and a self-addressed envelope requesting that the Clerk return a conformed copy to you.  You should always keep a copy of the petition and other documents you have filed for your own records.  All copies of the petition must be identical to the original.

**VI      Initial Review**

After you file your federal habeas corpus petition, a federal district or magistrate judge reviews the petition to determine whether it is subject to summary dismissal.  See 28 U.S.C. § 2243.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.  Summary dismissal is also appropriate where the allegations in the petition are vague,  conclusory, palpably incredible, patently frivolous, or false.  Summary dismissal is also appropriate where it is evident from the petition that the claims have been procedurally defaulted.

The Court's initial review order will determine whether you can proceed.   Your case cannot proceed until this order is issued.  Do not file a motion for default judgment.  Some habeas cases are not allowed to proceed after the initial review order;  your case may be dismissed if it is clear that amendment could not cure the deficiencies.  You may be given an opportunity to amend the petition to correct any deficiencies.  Or, your case may be served upon the Idaho Attorney General on behalf of the respondent, allowing the case to proceed in part or in full.  If your case is authorized to proceed, the initial review order will include a disposition schedule for your case.

Even if the initial review order grants a petitioner the opportunity to proceed in the case, the respondent can still file a motion for summary dismissal.  The Court usually does not have access to the full state court record when it performs its initial review, and the full record may reveal grounds for summary dismissal.  The initial review process may take several months due to the Court's heavy caseload.  Do not continue to file additional documents in your case while you are waiting for the Court's initial review order.

## VII     Pleadings, Papers and Discovery

After your case has been authorized to proceed, the Court will order the respondent to answer or otherwise plead in response to the petition.  The respondent will then file an answer or a pre-answer motion requesting dismissal of part or all of your case.  Do not file a motion for default judgment if a pre-answer motion is filed rather than an answer.  A pre-answer motion is permitted by the Rules.

The Idaho District Court generally does not allow you to file a traverse in federal habeas corpus actions.  A *traverse* is a reply to the answer.  It is better to make your arguments in a response to a dispositive motion.

The Rules generally do not permit discovery to be undertaken in a habeas corpus case.  Exceptions are sometimes made if there is a preliminary procedural issue which has never been resolved by a court.  Discovery is not allowed in any case for any reason without a prior Court order.  See Rule 6 of the Rules Governing Section 2254 Cases.

You should not file pleadings or papers not authorized by the Rules.  For example, affidavits generally are not allowed for the purpose of bringing new evidence into federal court.  You do not need to file an affidavit to point to various parts of the record which you believe support your claim.  You can do this in a brief in response to a motion to dismiss, or in a statement of disputed material facts in response to a motion for summary judgment.  Affidavits are permissible when preliminary procedural facts are at issue, for example, if you need to declare when and how you filed your habeas corpus petition when the statute of limitation is at issue.

You should not file other unauthorized papers, such as sur-replies (a reply to a reply), a brief in support of habeas corpus petition (briefs should be filed only in support of motions or in response to motions), or a memorandum of law which is not part of a brief in support of or in response to a motion.  It is also improper to use a letter rather than a motion to ask the Court to take any action in your case.

You must furnish an original and one copy of anything you file to the Court.  In addition, if the Court orders the respondent to respond to the petition, then each time you file a document thereafter, you must also send the respondent's attorney a copy of the document.  Each original document (except the original habeas corpus petition) must include a certificate stating the date a copy of the document was mailed to the respondent's attorney and the address to which it was mailed.  Any document received which fails to include a certificate of service may be disregarded by the court or returned.  An example of a certificate of service is:

I hereby certify that on this _____ day of _____,
20____, a copy of the foregoing pleading/ document was mailed to the following
(respondent(s) or counsel for respondent(s)) at the following addresses, by
delivering it to a prison official for mailing under the indigent policy/placing it in
a United States postal depository unit with postage prepaid (indicate which form
of mailing you used):

(write address of Respondent's attorney here)

_____
Original Signature of Applicant

## VIII   State Court Record

The respondent will supply the Court with a copy of those portions of the state court
record which the respondent deems relevant to the Court's determination of the claims at hand.
For example, if the habeas corpus petition challenges only sentencing, then the respondent would
usually supply the Court with only the sentencing records, rather than the entire transcript of the
trial.  The respondent will not supply you with a copy of your state court record, because it is
presumed that you have a copy of your record from your former attorney.  If you do not have
such a copy, you can request a copy of the record from the Court in a motion for transcripts,
stating the particular reasons you need the copy.

If the respondent does not lodge all portions of the state court record which you deem
relevant to a determination of the claims, you can file a motion to expand the record under Rule 7
of the Rules Governing Section 2254 Cases.

## IX   Standard of Review and Petitioner's Burden of Proof

It is important to know that the habeas corpus claims are determined by a federal court's
review of the written state court record.  The federal habeas corpus action is not an opportunity to
re-litigate your criminal case.  See 28 U.S.C. §  2241, *et seq.*  You bear the burden of proof to
show that your conviction or sentence violates the federal Constitution, United States Supreme
Court case law, federal law, or a treaty of the United States.

AEDPA placed new constraints on the power of federal habeas courts to grant relief in
habeas corpus cases.  Particularly, when a habeas petitioner's claim has been adjudicated on the
merits in a state court proceeding, a federal habeas corpus court cannot grant relief unless the
state court's adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the Supreme
Court of the United States; or,

(2)    resulted in a decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court proceeding.

Federal Habeas Corpus Instructions (Rev. 11/02)

See 28 U.S.C. § 2254(d).  In a habeas proceeding, a federal court is required to accept the state court's determination of factual issues as correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

**X      Dispositive Motions**

Habeas corpus petitions are generally decided by *dispositive motion*.  A dispositive motion is a motion that has the potential to "dispose of" or end the case.  Because habeas corpus actions are determined on the state court record, trials (including jury trials) are not available in habeas corpus proceedings. Two common dispositive motions are the motion to dismiss and the motion for summary judgment.

A *motion to dismiss* is brought under Rule 12 of the Federal Rules of Civil Procedure or pursuant to the Court's duty to dismiss claims upon which a petitioner is not entitled to proceed under 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.  For example, a motion to dismiss may be brought if, it appears from the state court record, that you have missed your statute of limitation, that you have failed to exhaust your state court remedies, or that you have failed to state a claim upon which habeas corpus relief can be granted.

A *motion for summary judgment* is brought under Rule 56 of the Federal Rules of Civil Procedure.  It can include any of the foregoing reasons for dismissal, as well as the reason that the claim should be dismissed on its merits.

To oppose a motion for summary judgment which challenges *the merits* of your claims, you should file a *response*, outlining the facts which are in the state court record which support your opposition, and arguing any applicable law.  If the respondent files a *statement of undisputed material facts*, you should file a statement of disputed material facts in response if you dispute any of the facts.  You cannot include new facts not found in the state court record unless you meet the provisions of § 2254(e)(2), explained herein below.

To oppose a motion to dismiss or a motion for summary judgment when a preliminary procedural question is at issue, you are entitled to bring forward any facts which are not contained in the state court record.  For example, on a statute of limitation issue, if you are asserting that an inadequate prison law library caused you to miss your filing deadline in this action, that information probably will not be found in the state court record of your criminal conviction.  Instead, you will have to submit affidavit(s) and any exhibits or other evidence showing facts supporting your position that the prison law library was inadequate.  If the respondent files a statement of undisputed material facts, you may file a statement of disputed material facts in response if you dispute any of the facts.  You will also want to file a response, wherein you discuss the evidence you have brought forward and any legal arguments you wish to make.

After you have filed your response to a dispositive motion, the respondent may or may not file a reply.  If a reply is filed, you are not entitled to respond to the reply.

The Court will take the motion under advisement and consider everything in the record which is properly before it.  You need not request an oral argument on the motion; based upon the

Federal Habeas Corpus Instructions (Rev. 11/02)

briefing, the Court will determine whether a telephonic oral argument on the motion is necessary. After consideration, the Court will issue a written Order.  If the dispositive motion is granted, the case usually will be dismissed.

**XI      Evidentiary Hearings**

Evidentiary hearings are held in federal habeas corpus proceedings only very rarely. Generally, the written state court record is sufficient for the Court to determine the outcome of the case.  Under § 2254(e)(2), a petitioner is not entitled to produce new evidence or have an evidentiary hearing in federal court on the merits of his case if he or she "has failed to develop the factual basis of a claim in State court proceedings," as a result of his or her own fault and lack of diligence.  *Williams (Michael) v. Taylor*, 529 U.S. 420, 120 S.Ct. 1479 (2000); *Baja v. Ducharme*, 187 F.3d 1075 (9th Cir. 1999) (new evidence may be presented where a petitioner diligently sought to develop the factual basis of a claim for habeas relief, but was denied the opportunity to do so by the state court).  A petitioner who is not entitled to present new evidence must rely on facts contained in the state record to show his or her entitlement to relief.

In some instances, an evidentiary hearing may be required on a preliminary procedural issue, such as determining whether a petitioner is entitled to equitable tolling of the statute of limitations or determining the reason for the petitioner's procedural default.  The subject of the hearing would be to determine whether there are facts which show that the case should be able to proceed or be dismissed.  The merits of the claims are not reviewed.  The only issue to be determined is whether the petitioner can overcome preliminary procedural problems which would otherwise prevent the court from reviewing the  merits of the claims at a later date.

**XII      Judgment and Appeal**

If your case is unsuccessful, then you may wish to appeal it.   There is not an automatic right to appeal a habeas corpus case in the federal court system.  You may begin the process to seek the right to appeal only after *judgment* has been entered in your case.

You must file a request for a certificate of appealability rather than a notice of appeal within thirty (30) days after entry of the federal district court's order dismissing or denying relief on your habeas corpus petition, or you will lose your  opportunity to seek appeal.  The *certificate of appealability* is a request for authorization to file an appeal.  This process is unique to federal habeas corpus proceedings.  This is filed in the federal district court, not in the Ninth Circuit Court of Appeals.

When the denial or dismissal of a habeas corpus petition was based upon the merits of the claims in the petition, you must show that the appeal presents a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  To satisfy the "substantial showing" standard, you "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

When the denial or dismissal of a habeas corpus petition was based upon a procedural ground, you must show (1) "that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604.

**XIII     Requests for In Forma Pauperis Status and Appointment of Counsel on Appeal**

If you have been granted in forma pauperis status in the federal district court, you generally do not need to re-apply for in forma pauperis status on appeal.  You may apply to the Ninth Circuit Court of Appeals for an attorney on appeal, but such a request should not be filed in the federal district court; rather, it should be filed in the Ninth Circuit Court of Appeals.

**XIV     Conclusion**

The law governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 has changed dramatically since 1996.  You should consult these statutory changes in 28 U.S.C. §§ 2244, 2253, and 2254, ***as amended by***, Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, §§ 101-106, 110 Stat. 1214 (Apr. 24, 1996).

Case law interpreting the habeas corpus statute is also constantly changing.  The foregoing is not intended to be an exhaustive recitation of the law governing habeas corpus, but it is a starting point.   It should not be construed as legal advice.

It is best to consult an attorney to determine whether any subsequent changes to the law have occurred.  It is also best to consult an attorney for help in preparation and pursuit of your federal habeas corpus petition.  The prison or jail resource center has a list of all attorneys whose phone numbers are programmed into the institutional telephone system.  These calls are not monitored.  If your attorney is not on the list, you may request that his or her phone number be added to the non-monitored list.